UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

v.

HIROYUKI KOMIYA, and
HIROFUMI NAKAYAMA

Defendants.

Case:2:15-cr-20059
Judge: Roberts, Victoria A.
MJ: Stafford, Elizabeth A.
Filed: 02-05-2015 At 01:09 PM
INDI USA V HIROYUKI KOMIYA, ET AL (EB)

Count I:   15 U.S.C. § 1
Count II:  18 U.S.C. § 1512(b)(2)(B)

## INDICTMENT

THE GRAND JURY CHARGES:

### General Allegations

1.  Mitsuba Corporation ("Mitsuba") is a corporation organized and existing under the laws of Japan with its principal place of business in Gunma, Japan.

2.  Mitsuba had a North American Subsidiary, American Mitsuba Corporation ("AMC"), which had sales offices in Novi, Michigan.

3.  Mitsuba and AMC were engaged in the business of manufacturing and selling various automotive parts, including windshield wiper systems and components, to Honda Motor Company Ltd., Fuji Heavy Industries Ltd., Nissan Motor Company Ltd., Toyota Motor Corporation, Chrysler Group, LLC, and certain of their subsidiaries (collectively, "Automobile Manufacturers") for installation in vehicles manufactured and sold in the United States and elsewhere.

4. From at least as early as 2000 until 2007, HIROYUKI KOMIYA was employed by Mitsuba as Director of Mitsuba Automotive Sales. KOMIYA was then promoted to Executive Managing Officer and Vice President of Sales. KOMIYA held this title for all remaining times relevant to this Indictment.

5. From at least as early as 2000 until 2005, HIROFUMI NAKAYAMA was the Office Manager for Mitsuba's Nagoya sales office. In 2005, NAKAYAMA was promoted to Sales Operating Officer and he served in that capacity for all remaining times relevant to this Indictment.

**Background**

6. Windshield wiper systems include components such as the motor, linkage, arm and blade necessary to clear water or snow from vehicle windows.

7. Mitsuba and certain other automotive parts suppliers supplied automotive parts to certain Automobile Manufacturers for installation in vehicles manufactured and sold in the United States and elsewhere. AMC manufactured many of the automotive parts subject to the conspiracy charged in Count One of this Indictment in the United States. Mitsuba and certain other automotive parts suppliers supplied automotive parts: (a) in the United States and elsewhere for installation in vehicles manufactured and sold in the United States; (b) in Japan and elsewhere for export to the United States and installation in vehicles manufactured and sold in the United States; and (c) in Japan and elsewhere for installation in vehicles manufactured in Japan and elsewhere for export to and sale in the United States.

8. When purchasing automotive parts, automobile manufacturers typically issue Requests for Quotation ("RFQs") to automotive parts suppliers on a model-by-model basis for model specific parts. Automotive parts suppliers submit quotations, or bids, to the automobile

manufacturers in response to RFQs, and the automobile manufacturers award the business to the selected automotive parts supplier for the lifespan of the model, which is usually four to six years. Typically, the bidding process for a particular model begins approximately three years prior to the start of production. Automobile manufacturers procure parts for U.S.-manufactured vehicles in the United States and elsewhere.

**[Remainder of page left intentionally blank]**

## COUNT ONE – CONSPIRACY TO RESTRAIN TRADE

### (15 U.S.C. § 1)

9. Each and every allegation contained in Paragraphs 1–8 of this Indictment is hereby realleged as if fully set forth in this Count.

10. Various corporations and individuals, not made defendants in this Count, participated as co-conspirators in the offense charged in this Count and performed acts and made statements in furtherance of it.

11. Whenever in this Count reference is made to any act, deed, or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, employees, agents, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

12. The following individuals are hereby indicted and made Defendants in this Count:

HIROYUKI KOMIYA, and

HIROFUMI NAKAYAMA.

**Conspiracy to Restrain Trade**

13. From as early as April 2000 and continuing until at least February 2010, the exact dates being unknown to the Grand Jury, in the Eastern District of Michigan and elsewhere, HIROYUKI KOMIYA and HIROFUMI NAKAYAMA, (collectively, the "Defendants") and their co-conspirators participated in a combination and conspiracy to suppress and eliminate competition in the automotive parts industry by agreeing to allocate the supply of, rig bids for, and fix, stabilize, and maintain the prices of, automotive parts sold to Automobile Manufacturers in the United States and elsewhere. The combination and conspiracy engaged in by the Defendants and their co-conspirators was in unreasonable restraint of interstate and import trade

4

and commerce in violation of the Sherman Antitrust Act, 15 U.S.C. § 1. This combination and conspiracy involved interstate trade and commerce and import trade and commerce.

14. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the Defendants and their co-conspirators, the substantial terms of which were to allocate the supply of, rig bids for, and fix, stabilize, and maintain the prices of, certain automotive products, including windshield washer systems sold to Automobile Manufacturers in the United States and elsewhere.

15. KOMIYA and NAKAYAMA joined and participated in the conspiracy from as early as April 2000 and continuing until at least February 2010.

**Manner and Means of the Conspiracy**

16. For purposes of forming and carrying out the charged combination and conspiracy, the Defendants and their co-conspirators did those things that they combined and conspired to do, including, among other things:

    a. participating in, and directing, authorizing, or consenting to the participation of subordinate employees in, meetings, conversations, and communications in the United States and Japan to discuss the bids and price quotations to be submitted to Automobile Manufacturers in the United States and elsewhere;

    b. agreeing, during those meetings, conversations, and communications, on bids and price quotations to be submitted to Automobile Manufacturers in the United States and elsewhere;

    c. agreeing, during those meetings, conversations, and communications, to allocate the supply of automotive parts sold to Automobile Manufacturers in the United States and elsewhere on a model-by-model basis;

    d.    approving collusive and noncompetitive prices agreed upon by subordinates during those meetings, conversations, and communications in the United States and elsewhere;

    e.    submitting bids, price quotations, and price adjustments to Automobile Manufacturers in the United States and elsewhere in accordance with the agreements reached;

    f.    selling automotive parts sold to Automobile Manufacturers in the United States and elsewhere at collusive and noncompetitive prices;

    g.    accepting payment for automotive parts sold to Automobile Manufacturers in the United States and elsewhere at collusive and noncompetitive prices;

    h.    engaging in meetings, conversations, and communications in the United States and elsewhere for the purpose of monitoring and enforcing adherence to the agreed-upon bid-rigging and price-fixing scheme; and

    i.    employing measures to keep their conduct secret, including using code names and destroying conspiratorial documents.

### Trade and Commerce

17.    During the period covered by this Count, the Defendants and their co-conspirators sold to Automobile Manufacturers in the United States and elsewhere substantial quantities of automotive parts manufactured in the United States and shipped from other states, and manufactured outside the United States and shipped to the United States, all in a continuous and uninterrupted flow of interstate and import trade and commerce. In addition, substantial quantities of equipment and supplies necessary to the production and distribution of automotive parts by Mitsuba and its co-conspirators, as well as payments for automotive parts sold by

Mitsuba and its co-conspirators, traveled in interstate and import trade and commerce. The business activities of the Defendants and their co-conspirators in connection with the production and sale of automotive parts that were the subject of the charged conspiracy were within the flow of, and substantially affected, interstate and import trade and commerce.

### Jurisdiction and Venue

18. The combination and conspiracy charged in this Count was carried out, at least in part, in the Eastern District of Michigan.

19. Acts in furtherance of the combination and conspiracy charged in this Count were carried out within the five years preceding the filing of this Indictment.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

**[Remainder of page intentionally left blank]**

## COUNT TWO – OBSTRUCTION OF JUSTICE
## (15 U.S.C. § 1512(b)(2)(B))

The Grand Jury further charges:

20. Each and every allegation contained in paragraphs 1 through 8 of this Indictment is realleged and reasserted here as if fully set forth in this Count.

21. HIROYUKI KOMIYA and HIROFUMI NAKAYAMA and other Mitsuba executives and employees became aware that a co-conspirator's United States subsidiary was a subject of a criminal investigation in the United States. Specifically, KOMIYA, NAKAYAMA, and other Mitsuba executives and employees became aware that the Federal Bureau of Investigation executed a search warrant on a co-conspirator's United States subsidiary located in the Eastern District of Michigan, said search having been carried out in conjunction with a grand jury investigation in the Eastern District of Michigan.

22. In or about March 2010, KOMIYA and NAKAYAMA knowingly and corruptly persuaded, and attempted to persuade, other employees of Mitsuba, to destroy objects, namely paper documents, and delete electronic data that may contain evidence of antitrust crimes in the United States and elsewhere, with the intent to cause and induce the executives to alter, destroy, mutilate, and conceal said objects, with intent to impair the objects' integrity and availability for use in an official proceeding, to wit: an investigation by a federal grand jury in the Eastern District of Michigan of possible federal criminal violations in the automotive parts industry committed by Mitsuba and others, in violation of Title 18, United States Code, Section 1512(b)(2)(B).

### Jurisdiction and Venue

23. Under 18 U.S.C. § 1512(h) there is extraterritorial Federal jurisdiction over the offense charged in this Count.

24. The official proceeding intended to be affected by the conduct charged in this Count was in the Eastern District of Michigan.

ALL IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 1512(b)(2)(B).

**[Remainder of page intentionally left blank]**

A TRUE BILL.

_s/ Grand Jury Foreperson_  
Grand Jury Foreperson

Dated:   February 5, 2015

_s/ Brent C. Snyder_  
Brent C. Snyder  
Deputy Assistant Attorney General  
Antitrust Division  
United States Department of Justice

_s/ Lisa M. Phelan_  
Lisa M. Phelan  
Chief, Washington Criminal 1 Section  
Antitrust Division  
United States Department of Justice

_s/ Marvin N. Price_  
Marvin N. Price  
Director of Criminal Enforcement  
Antitrust Division  
United States Department of Justice

_s/ Jason D. Jones_  
Kenneth W. Gaul  
Jason D. Jones  
Emma M. Burnham  
Lauren Elfner  
Sonia Mittal  
Trial Attorneys  
United States Department of Justice  
Antitrust Division  
450 5th St. NW, Suite 11300  
Washington, DC 20530-0001  
Tel: (202) 598-2322

**ORIGINAL**

| United States District Court<br>Eastern District of Michigan | Criminal Case C | Case: 2:15-cr-20059<br>Judge: Roberts, Victoria A.<br>MJ: Stafford, Elizabeth A.<br>Filed: 02-05-2015 At 01:09 PM<br>INDI USA V HIROYUKI KOMIYA, ET AL ( EB) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to c

## Reassignment/Recusal Information
This matter was opened in the USAO prior to August 15, 2008   [ ]

| Companion Case Information | Companion Case Number: 13-cr-20712 |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: George Caram Steeh |
| ☒ Yes    ☐ No | AUSA's Initials: KWG |

**Case Title:** USA v. Hiroyuki Komiya and Hirofumi Nakayama

**County where offense occurred:** Wayne County and Elsewhere

**Check One:**   ☒ Felony    ☐ Misdemeanor    ☐ Petty

✓ Indictment/_____ Information --- **no** prior complaint.
_____ Indictment/_____ Information --- based upon prior complaint [Case number:                    ]
_____ Indictment/_____ Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____    **Judge:** _____

☐ Original case was terminated; no additional charges or defendants.
☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

February 5, 2015
_____
Date

Kenneth W. Gaul
Trial Attorney
United States Department of Justice
Antitrust Division
450 5th Street, NW, Suite 11300
Washington, D.C. 20530-0001
202-598-2322

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.    04/13